## GRANT V. JACKSON.

Declaration, " that the defendant received of the plaintiff £29 6s. 8d. in orders on the one shilling tax, which he promised to return or account for;" adjudged insufficient for uncertainty.

ASSUMPSIT. The declaration is: " That on the 23d day of September, 1784, the defendant received of the plaintiff £29 6s. 8d. in orders on the one shilling tax; which orders the defendant then and there promised to return to the plaintiff by the 1st day of July then next, or to account with the plaintiff for said orders in some other way, by said time; as appears by a writing under the defendant's hand, of the date above, ready in court to be produced."      \

To this declaration the defendant demurred generally.

Mr. Strong, for the defendant, took two exceptions:

1. The declaration is so vague and uncertain, that no legal judgment can be founded thereon. It does not point out the kind of orders with that certainty that the value can be ascertained.

2. The action is misconceived, for by the plaintiff's own showing the defendant was to account; the action therefore ought to have been account and not assumpsit.

Mr. Tracy, for the plaintiff. The declaration counts truly on the writing, and states the whole of it; it could not with

propriety go any further. The defendant suffers no disad-
vantage; for he is sufficiently notified of the nature and kind
of the demand. If there be any uncertainty respecting the
damage to be assessed, it may be aided by evidence.

As to the second exception, assumpsit will lie in all cases
where there is an express undertaking to account. 1 Salkeld,
9, Wilkin v. Wilkin; 1 Bacon's Abr. tit. Assumpsit.   (A.)

By the whole COURT. The declaration is insufficient; it
gives no rule of damages. The orders which the defendant
is challenged to account for being no otherwise described
than as drawn on the one shilling tax; and as it doth not ap-
pear by whom or by what authority they were drawn, or on
which of the one shilling taxes, as divers have been granted
and were of different values, there is no rule given to the
court by which to ascertain their value, or assess damages for
not redelivering or otherwise accounting for them.